## FRANKLIN a. PINKNEY.

*N. Y. Superior Court; General Term, October,* 1864.

EXAMINATION OF PARTIES TO ACTION.—CONSTRUCTION OF SECTION 399 OF THE CODE.

The exception in the provision of section 399 of the Code of Procedure, relating to examination of parties, that a party shall not be examined in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, in an action against his representatives, was not designed to exclude the testimony of the living party, as to an occurrence at which the deceased need not have been present, or as to a fact he need not have known, to make evidence of it admissible.

The word "transaction" in section 399 of the Code, does not embrace all the occurrences which go to make up a cause of action, but only such as must have been communicated to the deceased person to give them effect.

The plaintiff, George H. Franklin was in the habit of depositing his surplus moneys with one Haws, by placing them in the Tradesmen's Bank, with Haws' assent, to the credit of Haws. Haws died suddenly, intestate, having in his hands a considerable sum of money belonging to Franklin. His administrators having declined payment of the claim, this suit was brought. Upon the trial, the plaintiff proved by other witnesses that Franklin often came to Haws' room, got from Haws his bank-book, took it to his own office, took money from his own safe or pocket-book, and took or sent it to the Tradesmen's Bank, where it was deposited to the credit of Haws, and so entered in the bank-book. That Franklin would then return the book to Haws, who would look at the entry and place the book again in his drawer. He also proved the subsequent entry by Haws of these amounts in his check-book.

The plaintiff then being called in his own behalf, was asked if, having the said bank-book in his possession, as testified to by the other witnesses, he made any deposit of moneys in the Tradesmen's Bank, credited to Haws in said book, and if so, whose money it was.

The defendants' counsel objected to the admission of this evidence under section 399 of the Code of Procedure.

The plaintiff then testified that he did so deposit money, and that it was his own money, giving the particulars of such deposits. On motion of defendant's counsel this testimony was stricken out, as not being within the terms of section 399.

To this decision of the referee the plaintiff excepted.

The complaint was dismissed, and exception taken.

*Henry H. Anderson*, for the appellant.—If this action is one in which the plaintiff's testimony is subject to the limitations imposed by section 399 of the Code, the evidence of the plaintiff as to the matters upon which he was interrogated was properly offered and received, and should have been retained in the case. Section 399 excludes "transactions and conversations had personally with the deceased," and no other transactions or conversations. The plaintiff would not have been permitted to testify as to the conversations had with Haws—for conversations are excluded—nor as to receiving a bank-book from and returning the same to Haws, for those are transactions had personally with the deceased; but the matters on which the witness was interrogated are those of which the deceased, at the time, had no personal knowledge, and to say that a man can have transactions personally with another, of which the other person has no personal knowledge, is an absurdity.

*Barrett, Brinsmade & Barrett*, for the respondents.—I. As to the first question, we submit that the testimony of the plaintiff was properly rejected for the reasons specified in the opinion of the learned referee.

II. If the testimony was not in respect to a transaction had personally with the deceased, then, even if it stands, the plaintiff cannot recover—there being no question of agency in the case.

III. The course of legislation on the subject has been marked by a determination to prevent a party recovering upon his own evidence in any case, where the deceased, if alive, might have controverted his statement. 1. This act of 1860 is the only one which has received judicial construction, and that merely upon the question as to who should be deemed "representatives." (McCray *a.* McCray, 12 *Abbotts' Pr.*, 1; Schenck *a.*

Warner, 37 *Barb.*, 258; Lee *a.* Dill, 39 *Barb.*, 516; Traphagen *a.* Traphagen, 40 *Barb.*, 537.) 2. In all of these cases it was assumed, as a matter beyond debate, that if the defendants were held to be the representatives of a deceased person, the testimony of the plaintiff was inadmissible. 3. It will be seen on comparing the act of 1862 that the intention of the Legislature was to set the question as to who are "representatives" at rest, and to render the limitation complete and comprehensive. Note the change from the words "in respect to any transactions had personally," in the act of 1860, to the words, "in respect to any transaction or communication had personally," in the act of 1862, together with the addition of "heirs at law, next of kin, or assignees." The Legislature thus assumed that there might be a personal "transaction" without a personal "communication."

IV. The question is thus reduced to a construction of the words "transaction or communication had personally with the deceased." 1. To suppose a comma after the words "transaction" and "personally" is to end the discussion. 2. But if the word "personally" has reference to "transaction" as well as "communication," it proves that the Legislature assumed that there might be a personal transaction without a personal communication. Without this assumption the statute, as it stood in 1860, was ample to cover personal communications. This renders it perfectly conclusive that although there was no "personal communication" between Franklin and Haws, there was a "personal transaction" within the meaning of the Legislature, and the intent and spirit of the statute.

By the Court.[*]—Robertson, Ch. J.—The 399th section of the Code, which confers on parties to actions generally the right of testifying on their own behalf, excepts therefrom, in actions of a certain kind, against certain parties, as the representatives or successors of others, occurrences of a certain nature.

Such representatives or successors are enumerated as the "executors, administrators, heirs-at-law, next of kin, or assignees of a deceased person." The actions are described as those where the persons sued have acquired title to the cause of ac-

---

[*] Present, Robertson, Ch. J., Monell and Garvin, JJ.

tion immediately from such deceased person, or have been sued as such representatives or successors, and the occurences are described as "transactions or communications had personally" by the party offered as a witness on his own behalf with such deceased person. The only question presented on this appeal turns on the meaning of the phrase "transactions or communications personally."

The object of this exception was plainly to exclude a party to a transaction from testifying in an action brought upon it to anything which occurred at it, in case the other party thereto, whose representatives were sought to be charged in such action, had died since the occurrence of such transaction, and as clearly was not designed to exclude the testimony of a living party as to an occurrence at which the deceased needed not to have been present, or a fact which he needed not to have known, in order to make evidence of it admissible. It requires the transactions or communications which it excludes to have been personal between the living and deceased party. Nothing, of course, can well be personal unless the parties individually are present when it occurs. Of course this section assumes that transactions may occur without a communication, which latter means, undoubtedly, words either spoken or written, although afterwards the term conversation alone is used in the same section. Acts may be done, such as the delivery of an article, which may most materially affect the rights of a party, although not a word may be said by either party. This section, of course, could not have been intended simply to exclude the testimony of a party as to his own acts, and yet allow him to testify where he was present at an occurrence between an agent of his and a deceased person, by which the latter was sought to be bound.

The word "transaction" in this provision was never intended to embrace all the occurrences which go to make up a cause of action; in other words, every thing material in an action; otherwise a different form of expression would have been used. For that purpose it would have expressly excluded either party from testfying at all, as to any thing where the other party was dead.

There may be numberless occurrences, or facts, necessary to be established in every action, in regard to which one of the parties may know nothing, and yet it would be unreasonable

and unjust, that by his death his antagonist should be deprived of the right of testifying in relation thereto.

The ownership of the money deposited by the plaintiff in the bank of the decedent represented by the defendants, was in no sense a transaction or communication between them personally, since it did not appear that such decedent knew any thing about it.

It is true it might have appeared on cross-examination that such ownership was claimed exclusively by virtue of something which passed between the plaintiff and such decedent personally, and then its exclusion would have been proper. The fact of deposit was sustained by other evidence, but to whom the money belonged before it was so deposited was a material subject of inquiry, whether the learned referee was right or wrong in his view, that the presumption of law is, that the delivery by one man of money belonging to him to another, or its deposit by him to the credit of the latter, is intended to be mere payment of a debt.

It is very clear, unless it was the plaintiff's money when he deposited it, he could not well recover for it in this action. According to the referee's view, even if he had proved that fact, something more was necessary to be established, some understanding between the parties that all moneys so deposited should be considered as a loan, repayable on demand. To that, of course, the plaintiff could not be allowed to testify, if entered into in person between himself and the deceased.

How far the referee would have been justified, in holding upon the evidence admitted by him even with the addition of that excluded, in finding in favor of the plaintiff is not now in question. He excluded pertinent evidence not within the prohibition of the statute, and for that error the judgment must be reversed, and a new trial had, with costs to abide the event.