STANLEY, administrator, &c. *vs.* WHITNEY.

Where, in an action upon a bond accompanying a mortgage, the defense of usury is set up, it is enough for the defendant to show that a note given by him to the obligee in the bond was usurious, and then to show in addition that the bond and mortgage were executed and delivered by the defendant to the obligee and mortgagee to take up the note, and as a substituted security therefor.

When these facts appear, the inference necessarily and inevitably follows, that the taint entered into and inhered in the substituted securities, unless the contrary is shown.

The expurgation is to be established by rebutting evidence, on the part of the plaintiff, and is not to be presumed, in the absence of proof on the subject.

Where, in an action upon the substituted bond, brought by the administrator of the obligee, after the death of the latter, the defendant testified, in his own behalf, that the only consideration he received for the original note (which was for $896) was the sum of $800 paid him by one R.; *Held* that this was in fact testifying to a transaction between the defendant and the deceased intestate; and that the evidence was therefore erroneously admitted.

THIS action was brought by the plaintiff, as surviving administrator of Luther Stanley, deceased, upon a bond executed to the intestate by·the defendant, conditioned for the payment of $907.49, with interest. The defense was usury, the answer alleging that the defendant executed a promissory note to the intestate, for $896, which was usurious, and that the bond in question and a mortgage accompanying the same were given to take up the note, and as a substituted security for the original debt. The action was

tried at the Livingston circuit, in October, 1865, and the jury found a verdict for the defendant. The plaintiff, upon a case and exceptions, moved for a new trial.

*James Wood, Jr.* for the plaintiff.

*E. G. Lapham,* for the defendant.

*By the Court,* JOHNSON, J. There was evidence tending to show that the note was usurious, and also that the bond and mortgage in question were given in lieu of the note, and to secure the same debt, independent of the testimony of the defendant. It was clearly enough for the defendant to show that the note was usurious, and then to show, in addition, that the bond and mortgage were executed and delivered by the defendant to the intestate to take up the note, and as a substituted security for the indebtedness thus tainted. When those facts appeared, the inference necessarily and inevitably followed, that the taint entered and inhered in the substituted securities, unless the contrary was shown. The expurgation was to be established by rebutting evidence on the part of the plaintiff, and was not to be presumed, in the absence of proof on the subject. The only serious question in the case, as I view it, is whether the evidence the defendant was allowed to give, on his own behalf, that the only consideration he received for the note was the amount paid him by Rose, was admissible against the plaintiff's objection. Was not this, in fact, testifying to a transaction between the defendant and the deceased intestate? It was for the defendant to establish the fact that the transaction between himself and the intestate, when the note was executed and delivered, was usurious. The burthen of proving the usury was upon him. He proved by Rose, that he, Rose, only gave him $800 of the intestate's money. But this was not enough. The note was for $896, and the presumption would be, in the absence of any other evidence, that the defendant

had received of the intestate the balance to make up the full amount of the note.  The legal presumption that the transaction was lawful, and the promise valid, must have prevailed, had not the contrary been affirmatively shown.  When the defendant was permitted to testify that he received nothing from the intestate except the $800 which he received from Rose, he showed precisely what the transaction was between himself and such intestate.  It touched the very point in dispute, to wit, that the agreement was usurious and void. It was most clearly a part of the transaction between them, that no more than $800 was advanced as the loan upon which the $896 note was predicated.  It is of no consequence what the form of the question or of the answer was.  Evidence to rebut a legal presumption may be just as effectual and as pertinent to establish the true nature and character of a given transaction, when used in a negative as in an affirmative form.  The only question is, does it tend to prove what the transaction was ?  That such was the object and tendency of the defendant's testimony in this particular, can not, as it seems to me, be doubted.  The Code does not allow a party to be examined in his own behalf, " in respect to any transaction or communication had personally by said party with a deceased person, against parties who are executors or administrators of such deceased person."  That this loan was a personal transaction between the defendant and the deceased in his life time is not questioned.  No other person had any agency in it, except Rose, who had the money of the intestate in his hands, and merely handed it over to the defendant for the lender.

The transaction—the bargain—whatever it was, was between the defendant and the plaintiff's intestate personally. And as the defendant's testimony was clearly " in respect " to such transaction, it was erroneously admitted.  The defendant might have contented himself with his other evidence, tending to the same conclusion ; but he chose not to risk his

defense upon that, and must now abide the consequences of the erroneous ruling which he asked in his favor.

I do not discover any other error of any importance in the case. A new trial must be granted, with costs to abide the event.

[MONROE GENERAL TERM, March 4, 1867. *Welles, E. Darwin Smith* and *Johnson*, Justices.]