EDWARD H. STRONG *vs.* SARAH W. DEAN, executrix &c. of George P. Dean, deceased.

Under the section of the Code, declaring that a party shall not be allowed to be examined as a witness in his own behalf, "in respect to any transaction or communication had personally by said party with a deceased person, against parties who are executors or administrators of such deceased person," a plaintiff, in an action against an executrix, cannot be allowed to testify as to notes made by the deceased to the order of, and indorsed by, the plaintiff, and which were transactions had personally between them.

In such a case, the test of the admissibility of the testimony is, does it tend to prove what the transaction was?

A paper, by which the person executing the same, for and in consideration of a mortgage given to him by another to secure the payment of $600, exonerates the latter from all notes or papers that he holds against him, operates as a *release,* according to its terms, and extinguishes the debt due upon a note of the releasee, for $600, held by the releasor at the time.

The burden is upon the person executing such an instrument, to overcome the effect of it as a release; which cannot be done by parol.

And proof that there were other notes, amounting in the aggregate to the sum of $600, the consideration named in the release, which were intended to be, and were, released, does not tend to explain such release, or to exclude from its operation the $600 note.

Strong *v.* Dean.

If such $600 note is past due when the release is executed, the indorsement, by the releasor, upon the note, of the receipt of interest after the date of the release, and when the note was in his hands, is not proof of any such payment of interest by the maker.

THIS is an appeal from a judgment entered upon the report of referees appointed in accordance with the statute to hear and determine a claim against an executor, which was disputed. Upon the trial the plaintiff proved by William H. Hughes, and put in evidence, the following note made by the deceased:

"$600.                    Blooming Grove, May 16th, 1864.

Twelve months after date, for value received, I promise to pay to Edwd. H. Strong, or bearer, heirs or assigns, the sum of six hundred dollars with interest from date. The interest I promise to pay in quarterly payments as follows: on the 1st days of July, Octo. and Jan. and April following; and for his better security I assign to him a Life Insurance Policy.

( U. S. Rev. Stamp, 30c. canceled. )          GEORGE P. DEAN."

[*Indorsements.*]

"Received the interest due on the within Note up to November 16, 1864.                    E. H. STRONG."

"Received the amount of interest due on the within Note to August 16, 1865.                    E. H. STRONG."

The plaintiff was called to support his case, and to his testimony an exception was duly taken. The plaintiff then rested. The defendant then proved and put in evidence the following release from the plaintiff to the deceased:

"This is to certify that I, Edwd. H. Strong, for and in consideration of a certain Mortgage given me by George P. Dean, bearing date July 1st, 1865, to secure the payment of six hundred dollars, do exonerate the said George

P. Dean from all notes or papers that I hold against him, and from all notes that I have indorsed for him that are made payable at any bank or to any party, I hold myself responsible for the same.

Blooming Grove, July 17th, 1865.

EDWARD H. STRONG.

Signed in the presence of F. A. Hoyt."

Also a mortgage made in accordance therewith, from the deceased to the plaintiff. The defendant then rested.

The plaintiff then offered and gave testimony (subject to exception of the defendant) tending to explain the release aforesaid, and showing that the deceased, at the time of giving such release and mortgage, was largely indebted to the plaintiff, in addition to his indebtedness upon the note. The majority of the referees, being laymen, reported in favor of the plaintiff, and after finding the facts as above, found, as conclusion of law, that the defendant, as executrix, was indebted to the plaintiff in the amount of such note, and directed judgment accordingly. From which finding of law and direction of judgment the other referee dissented. Judgment was entered upon such report in favor of the plaintiff. The defendant duly excepted to the finding of law of the majority of the referees, and appealed from such judgment.

*Duryea & Bacon,* for the appellant. The questions to be reviewed arise, *first,* upon certain exceptions taken to the testimony of the plaintiff himself, as being evidence in regard to transactions had with a deceased person: *second,* as to the legal effect of the release; and in that regard, as to, first, the admissibility of testimony duly excepted to; second, as to the correctness of the conclusions of law found by the majority of the referees. It is alleged and insisted on the part of the appellant that the testimony given was improper and inadmissible, and that the conclu-

sions of law found by the majority of the referees are erroneous, and that judgment entered thereon should be reversed with costs.

I. Any testimony given by a party to an action or proceeding against an executrix, with regard to, or which tends to show or explain, a transaction had with a deceased person, is improper and inadmissible. (*Sec.* 399 *of the Code of Procedure, as amended* 1867. *Stanley, adm.,* v. *Whitney,* 47 *Barb.* 586. *Angevine, adm.,* v. *Angevine,* 48 *id.* 417. *Van Alstyne and others, ex'rs,* v. *Van Alstyne,* 28 *N. Y. Rep.* 375. *Kerr, adm.,* v. *McGuire, Id.* 446.) It is apparent that the transaction between Strong and the deceased, with regard to the notes, so far as the same can establish a debt against the deceased, is proved only upon the testimony of the plaintiff, and that testimony tends to prove what that transaction was. In the case of *Stanley* v. *Whitney,* (47 *Barb.* 586,) the court says : "It is of no consequence what the form of the question or of the answer was.  *  * The only question is, does it tend to prove what the transaction was?"

II. The release was a memorandum of a contract between the plaintiff and the deceased, reduced to writing, and signed by the party to be affected thereby. It possesses all the necessary parts of a contract, there being two parties agreeing, for a valuable consideration, to do on the one part and not to do upon the other certain things. The consideration was of the species given as the second species of valuable consideration by Blackstone—*facio ut facias.* (*Black. Com., Book* II, *marg. paging* 444. 1 *Pars. on Con.* 6. *Frink* v. *Green and others,* 5 *Barb.* 455.)

III. The said paper amounted to and operated as an absolute release of George P. Dean from the payment of all notes and papers held by the plaintiff against the deceased, or upon which he was indorser, and expressed and was given for a valuable consideration. (*Cuyler* v. *Cuyler,* 2 *John.* 186. *Phelps, adm.,* v. *Johnson,* 8 *id.* 54. *Farmers'*

Strong *v.* Dean.

*Bank of Amsterdam* v. *Blair*, 44 *Barb.* 641. *Battle* v *Coit*, 26 *N. Y. Rep.* 404. *Eccleston* v. *Ogden*, 34 *Barb.* 444. *Stearns* v. *Tappin*, 5 *Duer*, 294. 2 *Pars. on Con.* pages 130–132, *and pages* 220–224, *and notes thereto, and cases cited.*)

IV. The said paper operated as an estoppel *in pais* upon the plaintiff, and created in law a conclusive presumption of payment of all notes outstanding at the time of its execution. It was an admission *extra judicium* upon which the deceased had acted, and which therefore the plaintiff could not be permitted to deny. (*Greenl. Ev.* §§ 22, 27, 207, 208. *Welland Canal Co.* v. *Hathaway*, 8 *Wend.* 480. *Dezell* v. *Odell*, 3 *Hill*, 215. *Ryerss* v. *Farwell*, 9 *Barb.* 615. *Eccleston* v. *Ogden*, 34 *id.* 444. *Hawley* v. *Griswold, impleaded &c.*, 42 *id.* 18.) In the case of *Dezell* v. *Odell*, above cited, the court says: " Where a party, either by his declaration or conduct has induced a third person to act in a particular manner, he will not afterwards be permitted to deny the truth of the admission, if the consequences would be to work an injury to such third person or to some one claiming under him." In the case of *Ryerss* v. *Farwell*, the court, in defining estoppel *in pais*, says: " They generally consist of acts, declarations or admissions which have been acted upon by others, and are conclusive against the party making them in all cases between him and the person whose conduct he has thus influenced."

V. If the said paper was either a contract reduced to writing or a release, or operated as an estoppel or an admission conclusive in law, then all the testimony admitted after the defendant had rested was, 1st, improper, as tending to vary the terms of a written contract; 2d, irrelevant and immaterial, as the fact of there being other debts, the total being greater than the sum for which the mortgage was given, could not be urged against a full release; 3d, improper, as being in conflict with the acts and admissions of the plaintiff upon the faith of which the deceased

Strong *v.* Dean.

had acted and by which the defendant was therefore estopped, and which had raised a presumption of law con-.clusive against him. (*Buckley* v. *Bentley*, 48 *Barb.* 283. *Van Brunt* v. *Van Brunt*, 3 *Edw.* 14. *Stearns* v. *Tappin*, 5 *Duer*, 298.)

VI. If the positions above taken with regard to said paper are correct, it is insisted that the conclusions of law found by the majority of the referees are erroneous.

VII. If errors were committed, either in the admission of evidence or in the conclusion of law found by the referees, the judgment should be reversed. (*Marquand* v. *Webb*, 16 *John.* 89. *Osgood* v. *Manhattan Company*, 3 *Cowen*, 612. *The People* v. *Wiley*, 3 *Hill*, 194. *Worrall* v. *Parmelee*, 1 *Comst.* 519.)

*David F. Gedney*, for the respondent.

*By the Court*, TAPPEN, J. The defendant's testator had certain moneyed transactions with the plaintiff, and the proofs show the following, viz: 1. The testator's note, date May 16th, 1864, for $600, at twelve months, with interest, payable to the plaintiff or bearer. The action is brought on this note, which contains the following clause: "and for better security, I assign to him a life insurance policy." The note contains indorsements by the plaintiff of the receipt of interest to November 16, 1864, and August 16, 1865. The testator died in 1866. 2. An assignment by Dean and wife of a policy of life insurance, as security for the payment of that note. The assignment is also dated May 16, 1864. 3. A paper signed by the plaintiff, dated July 17, 1865, in consideration of a mortgage for $600 received from Dean, dated July 1, 1865, "exonerating Dean from all notes and papers that I hold against him, and from all notes that I have indorsed for him that are made payable at any bank or to any party, I hold myself responsible for the same." 4. The mortgage referred to, for $600.

Strong *v.* Dean.

There were various other note transactions, of small amounts, between the parties in the years 1864 and 1865.

The case was tried before three referees appointed by a surrogate's order, under the statute in regard to contested claims against the estates of deceased persons. Two of the referees (laymen) found for the plaintiff, the other referee (of the legal profession) agreed with them as to the facts, but dissented from the conclusion that the testator was indebted upon the note in question.

. The plaintiff's testimony as to his transactions personally with the deceased was not admissible. The notes in respect to which he was testifying were made by the deceased to the order of, and indorsed by, the plaintiff, and were transactions had personally between them. (*Code*, § 399.) And in 47 *Barb.* 586, it is said the test is, " does the testimony tend to prove what the transaction was."

The paper signed by the plaintiff, and offered on the trial by the defendant as a release of all notes and papers, operated 'as a release, according to its terms, and extinguished the debt. (5 *Duer*, 294.) The burden is upon the plaintiff to overcome the effect of the release, which cannot be done by parol; and proof that there were other notes amounting in the aggregate to the sum of $600, the consideration named in the release, which were intended to be, and were, released, does not tend to explain the release, or to exclude from its operation the note in suit.

The note was past due when the release was given, (July, 1865.) The indorsement by the plaintiff, upon the note, of the receipt of interest in August, 1865, after the date of the release, and when the note was in the plaintiff's hands, is not proof of any such payment of interest by the deceased.

The judgment should be reversed, and judgment ordered for the defendant.

[KINGS GENERAL TERM, December 30, 1869. *J. F. Barnard, Gilbert* and *Tappen,* Justices.]