THOMAS P. SOMERVILLE, APPELLANT, *v.* ABEL CROOK AND GUSTAV BERGGOIST, ADMINISTRATORS, ETC., OF CHARLES J. PETERSON, DECEASED, RESPONDENTS.

*Practice — Report of referee upon disputed claim against deceased person — how reviewed — personal transaction with deceased — Code, § 399 — objection as to evidence of — what sufficient.*

Where a party desires to review the report of a referee, made upon the reference of a disputed claim presented against the estate of a deceased person, he should move upon a case and exceptions for a new trial and to set aside the report, and if this application be denied an appeal should be taken from the judgment entered upon the report.

In an action to recover for legal services rendered to the defendant's intestate by the plaintiff, the latter was allowed, against the defendant's objections and exceptions, to state that the services consisted of counsel and advice given by him to the deceased in relation to several matters, and that during a specified time he considered himself the counsel of the deceased. *Held,* that the evidence was inadmissible, as relating to personal transactions or communications with the deceased.

Where it appears from the referee's minutes that certain evidence was objected to by the defendant, the terms used being "objected to by defendant," *held,* that the objection was insufficient to raise the point that it was inadmissible under section 399 of the Code.

APPEAL from an order denying a motion made by the plaintiff to confirm the report of a referee, and directing that the claim be dismissed, and from a judgment in favor of the defendant, entered in pursuance of the said order.

This was a reference under the statute, of a claim of Thomas P. Somerville against the estate of Charles J. Peterson, deceased, for professional services alleged to have been rendered to deceased as his attorney and counsel.

The administrators having rejected the claim, it was by agreement referred. The referee reported in favor of plaintiff in the sum of $322.75.

Plaintiff moved at Special Term to confirm said report, and for costs and allowance, which motion was denied and an order made dismissing the claim and for judgment in favor of defendants for costs.

This decision was based upon the objections and exceptions taken by defendants, to the admission by the referee of certain questions put to plaintiff.

Judgment having been entered dismissing the claim and in favor of the defendant for costs, this appeal was taken from the order and the said judgment.

*Sidney H. Stewart, Jr.*, for the appellant.

*Meyer Butzel*, for the respondents.

DANIELS, J. :

The plaintiff made a claim against the estate of Charles J. Peterson, deceased, of which the defendants were administrators. Its justice was doubted by them, and a reference made of it to a referee, pursuant to the statute existing upon that subject. (3 R. S. [5th ed.], 175, § 41, as amended by chap. 261, Laws of 1859, § 2.) The referee reported in plaintiff's favor, but upon a motion made for its confirmation, the application was denied and the proceedings dismissed, with costs. After judgment was entered, conformably to that direction, an appeal was taken from it, as well as from the order directing it.

From the return made to the appeal it appears that the evidence taken upon the hearing before the referee, was returned by him and presented to and considered by the court, on the hearing of the motion to confirm the report, and that seems to have been denied and the proceedings dismissed, because of certain rulings deemed to be erroneous, concerning the admission of evidence offered during the trial. The proceeding was plainly irregular. The report was complete upon its face, and that was sufficient to require its formal confirmation. Then the remedy of the plaintiff for the correction of the errors alleged to have arisen upon the trial, was to make a case, as the foundation of an application to set aside the report. The proceedings prescribed by the statute were to be such as would be proper in an action against an executor. (3 R. S. [5th ed.], 175, § 42.)

And according to the practice then in existence in such an action as that, the successful party was entitled, of course, to a confirma-

tion of the report, while the defeated party at the same time was entitled to apply for a new trial, either for errors of law or fact, upon a motion, supported by a proper case, made for that purpose. And that was the course which has received the sanction of the authorities upon the reference of disputed claims made against the estates of deceased persons. (*Boyd* v. *Bigelow*, 14 How., 511; *Radley* v. *Fisher*, 24 id., 404; *Godding* v. *Porter*, 17 Abb., 374; *Coe* v. *Coe*, 14 id., 86.)

In *Boyd* v. *Bigelow* (*supra*), it was held that the motion to set aside the report and for a new trial, should be first made upon a case at the Special Term, and that was again affirmed in *Radley* v. *Fisher* (*supra*); and the opinion of Mr. Justice ALLEN seemed to favor that practice, in deciding *Coe* v. *Coe* (*supra*). That point does not seem to have been considered by the General Term. It held that an appeal could be taken from the judgment recovered to the General Term, but whether before or after a motion at the Special Term was not discussed. *In Strong* v. *Dean* (55 Barb., 343), an appeal to the General Term was taken from such a judgment, but what was the proper practice to be observed before the entry of judgment, was not considered.

The authority, so far as it exists upon the subject, sanctions a motion at Special Term upon a case, before judgment, to set aside the report. And then an appeal from the judgment entered afterwards by the party defeated upon that application. The propriety of this course is sustained by the circumstance that a reference of a claim against the estate of a deceased person is a special proceeding, and it was the object of the Code of Procedure to provide an entirely new system of practice, only in civil actions. (§§ 2, 3, 8.)

That left special proceedings as they had been provided for at the time when the Code was enacted, and subject to the further regulation of them since prescribed by other statutes. By one of these statutes an appeal has been provided; but that seems to sanction the practice already considered as applicable to this class of references, for it has provided that the appeal which may be taken in a special proceeding shall be from any judgment, order or final determination made at a Special Term, and not otherwise. (Laws of 1854, 592, chap. 270, § 1.) And that seems to be a further authority in favor of the necessity of the motion at Special Term to set aside

the report, before an appeal can be taken from the judgment to the General Term.

To have rendered the application regular which was made in this proceeding, there should have been a case made and settled according to the rules of practice governing actions against executors But no objection seems to have been made to the hearing and decision of the application, either for want of a case or because it was not brought on at the right time, or after the formal confirmation of the report of the referee. And for that reason, it possibly might be deemed to have been waived by the act of the parties, if, under the circumstances, that would be just to the defendants. But as the practice seems to have been mutually misapprehended, and a formal case is as important for the review of proceedings of this nature as of those in an action, that ought not to be held to be the result of the conduct of the parties in this instance.

The claim made and referred was for legal services performed for the intestate. The claimant is an attorney and counselor of this court, and rendered his services in that capacity. He was sworn and examined as a witness in his own behalf, upon the trial, and during his examination, he was asked whether he acted " as attorney and counsel in any matters or proceedings with which the deceased was connected or interested." This was objected to by the defendants; but it was allowed, and they excepted. He was also, after he had answered that he did, asked when, and what he did. The same objection was taken to each of these questions, but they were allowed to be answered, and the defendants in like manner excepted. The witness first stated services of a not very important nature, which he had performed for the deceased, and then added, that " the rest of the services were counsel and advice to deceased in relation to the same matters, and also in relation to loss sustained by failure of Third Avenue Savings Bank, and also of Duncan, Sherman & Co. I had the general charge of his business during the time I have mentioned, and considered myself as his counsel up to the time of his death." A portion of this evidence certainly disclosed a personal transaction, or communication between the witness and the deceased. That was clearly true as to the

advice given; and the witness was incompetent to prove it under section 399 of the Code.

After that evidence had been given by him, he was asked: "What was the value of those services?" And to that the same objection was taken; but it was allowed to be answered by the referee, and the defendants again excepted. The witness then said: "I think they were very reasonably worth $1,250." That answer, of course, included the counsel and advice mentioned in preceding evidence of the witness and the services performed in the general charge of the business of the deceased. To that extent this witness was not competent to give evidence, because of the decease of the other party to the communication or transaction. In that state of the affair the law has declared that the surviving party shall not be examined as a witness, in regard to any personal transaction or communication between himself and the deceased. (Code, § 399.) And the answer of the witness violated this prohibition, for it related to the value of his services performed personally with the intestate. As to that it was the intent of this provision that the evidence of the survivor should be excluded; and it ought to have been done by the referee. The objection, as it was taken down by the referee, did not specifically mention this as a reason why the evidence was resisted as improper, but it was noted in the most general form. The terms used are: "objected to by the defendants;" which were insufficient to raise the point that was relied upon to oppose the motion for the confirmation of the report. And it was held to be so in the case of *Levin* v. *Russell* (42 N. Y., 251). For that reason, if the minutes are full and complete upon this point, the defendants have not placed themselves in a position allowing them to take advantage of the admission of this evidence as improper, and a further hearing of the case will be of no service to them. But that may be shown to have been insufficiently noted in the minutes by the settlement of a case; and the defendants should still have an opportunity to present it, if that can be done in a more favorable form, by way of an application upon a case to set aside the referee's report. The judgment should, therefore, be reversed, without costs of the appeal; and an order should be entered formally confirming the referee's report, with liberty to the defendants within ten

days to make and file exceptions to such report and to serve a case, upon which an application can properly be made to set aside such report.

Davis, P. J., concurred.

Present — Davis, P. J., Brady and Daniels, JJ

Judgment reversed, without costs; order entered formally confirming referee's report, with liberty to defendants, within ten days, to make and file exceptions to report and serve a case upon which application can properly be made to set aside report.