## Wheeling,

### OWENS *v.* OWENS'S ADM'R.

#### Decided November 9, 1878.

1878
Special Term

In an action of assumpsit brought by the plaintiff against the defendant as administrator of his decedent, to recover chiefly for work and labor done by the plaintiff for the defendant's decedent during his life.    HELD:

1. That the circuit court erred in permitting the plaintiff to testify as a witness in her own behalf as to her work and labor and services rendered for the deceased, and what things she did in and about the work and labor, she claimed to have performed for the deceased in his lifetime, whilst she lived with him, and had taken charge of the household affairs of the deceased, and had sold produce, and bought provisions for the house with such produce, and had nursed deceased in his sickness.

2. That the plaintiff was incompetent to testify as a witness in her own behalf to said matters under the provisions of paragraph II. of the 23d section of chapter 130 of the Code of 1868 of this State, for reasons stated in the written opinion of the Court.

*Supersedeas* to a judgment of the circuit court of Wirt county rendered on the 5th day of June, 1877, in an action of assumpsit in said court then pending, wherein Mary E. Owens was plaintiff, and J. A. Owens administrator, &c., was defendant, granted on the petition of said J. A. Owens.

Hon. James Monroe Jackson, judge of fifth judicial circuit, rendered the judgment complained of.

The facts of the case are fully stated in the opinion of the Court.

*John A. Hutchinson,* for plaintiff in error, cited the following authorities:

Code ch. 130, §23 ¶II.; 27 Gratt. 783; 9 W. Va. 190; 3 L. & Eq. R. 590; 28 Gratt. 348; 62 N. Y. 80; 98 Mass. 468; 26 Wis. 691; 24 Gratt. 74; 25 Gratt. 361; 1 Whart. Ev. §466 and cases cited; 12 How. (U. S.) 246; 15 Gratt. 134, 141; 6 Wend. 267.

*Walter S. Sands,* for defendant in error, cited the following authorities:

15 Gratt. 122; 2 W. Va. 285; 5 W. Va. 18; 41 N. Y. 349; 26 N. Y. 264; 39 N. Y. 317; 36 N. Y. 327; 18 Abb. Pr. 186; 1 Denio 281; 18 N. Y. 448; 13 Pet. 302; 1 Pet. 328; 3 How. (U. S.) 515.

HAYMOND, JUDGE, delivered the opinion the Court:

This is an action of assumpsit, brought in the county of Wirt by the plaintiff, against the defendant, as administrator of George W. Owens, deceased. The declaration in the case has several common counts, and among others the following: "And in $1,400,00 for services rendered by the plaintiff to the said George W. Owens in his lifetime, as housekeeper at the rate of $3.00 per week for three hundred and seventy weeks, under an agreement made by and between the plaintiff and the said George W. Owens, to be paid at and after the death of the said George W. Owens, and for which services, which were rendered at the request of said George W. Owens, he the said Owens in his lifetime promised and agreed to pay to the plaintiff at the rate of $3.00 per week from the 3d day of April, 1868, until the 14th day of May, 1875; and the plaintiff avers, that the said George W. Owens died on the — day of May, 1875, and she therefore avers, that an action hath thereby accrued to her to demand the aforesaid sum of money, and to

have and maintain this suit; and in $1,400.00 for services as a housekeeper, rendered by the plaintiff to the said George W. Owens in his lifetime at his request; and for other domestic service rendered by like request in superintending the household affairs of the said George W. Owens, in spinning, weaving, milking, churning, marketing, washing and ironing, and doing the labor of a tailoress and seamstress for the said George W. Owens and his father at his request; and in superintending a boarding house for the said George W. Owens at his request, attending to and discharging all the duties incident to the same, and for services rendered as a nurse to the said George W. Owens and to his late father, at the request of the said George W. Owens, for the period of three hundred and seventy weeks from the 3d day of April, 1868, to the 14th day of May, 1875, for the sum of $3.00 per week, which the said George W. Owens in his lifetime promised and agreed to pay to the plaintiff. And the said George W. Owens afterwards, to-wit: on the 14th day of May, 1875, in his lifetime promised to pay the plaintiff, in consideration of the premises, the aforesaid several sums respectively to the plaintiff on request and in consideration of the premises, &c.

The plaintiff filed with her declaration the following account or bill of particulars, viz:

"*John A. Owens, as administrator of the estate of Geo. W. Owens, deceased, in account with Mary E. Owens:*

DR.

"For services as a house-keeper for the said George W. Owens, deceased, from the 3d day of April, 1868, to the 14th day of May, 1875, being three hundred and seventy weeks, @ $3.00 per week by agreement with George W. Owens..................... ...................................$ 1,110 00

"For services in nursing and waiting on Willis Owens, deceased, the father of Geo. W. Owens, three hundred and seventy weeks at $3.00 per week................... 1,110 00

"For weaving, spinning, marketing and out door labor performed, besides services as housekeeper.....:........... 1,110 00

For 12 bushels wheat @ $1.50 per bushel................... 18 00

MARY E. OWENS
*vs.*
JOHN A. OWENS, *Administrator of Geo.*
*W. Owens deceased.*
} *In assumpsit.*

*In the Circuit Court of Wirt county;*

"The defendant will take notice that the plaintiff will rely on proof of the above account on the trial of said cause.

"MARY E. OWENS, *plaintiff,*
"*By, &c.*"

It would seem, that issue was joined in the cause upon the general issue of *non assumpsit.* On the 14th day of October the jury empannelled in the cause in said circuit court returned to the court their verdict, in and by which they found for the plaintiff, and assessed her damages at $518.00. Whereupon the defendant, by his attorney, moved the court to set aside the said verdict and award him a new trial, on the ground that the same is contrary to the law and the evidence, which motion was continued until the next term.

Afterwards on the 5th day of June, 1877, the said circuit court, considering that the said verdict was "excessive and not fully sustained by the evidence in the cause, was of opinion to set aside the verdict aforesaid on the usual terms, unless the plaintiff elected to release all of said verdict except as to the sum of $200.00. Whereupon the plaintiff, by her attorney," in open court released all of said verdict except the sum . of $200.00. And thereupon the court rendered judgment in favor of the plaintiff against the defendant, administrator of G. W. Owens, deceased, for the sum of. $200.00 with interest thereon from the 14th day of October, 1876, till paid, and the costs of suit to be satisfied of the goods and chattels of the said G. W. Owens, deceased, in the hands of the said J. A. Owens, unadministered.

It appears by a memorandum entered of record at the foot of said judgment, that "on the trial of this cause the defendant excepted to an opinion of the court, and

tendered his bill of exceptions, which was signed, sealed and saved to him and made part of the record in this cause." The bill of exceptions appears to have been signed by the judge, and is as follows, viz :

"*Be it remembered,* That on the trial of this cause the plaintiff, to maintain the issue upon her part, was introduced as a witness in her own behalf to testify in relation to the matters constituting her claim against the estate aforesaid, to which defendant objected, on the ground that she was not a competent witness as to any transaction or communication had with the deceased personally involved in this cause; but the court ruled, that while the plaintiff could not under the statute testify as to any transaction or communication had with the deceased, she was competent to testify as to her work and labor and services rendered for the deceased, and what things she did in and about the work and labor, she is alleged to have performed for the deceased in his lifetime, whilst she lived with him, and that she was his sister, and had taken charge of the household affairs of the deceased, and had sold produce, and bought provisions for the house with such produce, and had nursed deceased in his sickness; and so the said plaintiff did testify in effect as hereinbefore stated; and the evidence was before and heard by the jury, and they considered the same. To which ruling of the court the defendant excepted, and this his bill of exceptions tenders, and prays that the same may be signed, sealed and saved to him, and made a part of the record in this cause.

"JAMES M. JACKSON, [Seal.]"

To said judgment of said circuit court, rendered on the 5th day of June, 1877, for said $200.00, &c., the defendant obtained a *supersedeas* ; and thus the case is before us for review and determination.

The first error assigned by the defendant in his petition for a *supersedeas* is, that "the plaintiff was incompetent as a witness in regard to the matter, upon which she

testified, within the meaning and intent of the 2d paragraph of the 23d section chapter 130 of the Code. Second the court, as the record shows, found the verdict "not fully sustained by the evidence." It ought to have been set aside *in toto.*

The 22d section of chapter 130 of the Code of this State of 1868 provides, that "no person offered as a witness in any civil action, suit or proceeding shall be excluded by reason of his interest in the event thereof." The 23d section of the same chapter, and first and second paragraphs thereof, enacts, that "a party to a civil action, suit or proceeding may be examined as a witness in his own behalf, or in the behalf of any other party, in the same manner and subject to the same rules of examination as any other witness, except as follows: I. An assignor of a chose in action shall not be examined in favor of his assignee, unless the opposite party is living. II. A party shall not be examined in his own behalf in respect to any transaction or communication, had personally with a deceased person, against parties, who are the executors, administrators, heirs at law, next of kin or assignees of such deceased person, where they have acquired title to the cause of action from or through such deceased person, or have been sued as such executors, administrators, heirs at law, next of kin or assignees. But when such executors, administrators, heirs at law, next of kin or assignees shall be examined on their own behalf in regard to any conversation or transaction with such deceased person, then the said assignor, or party, may be examined in regard to the same conversation or transaction."

As we have seen, this suit is brought by the plaintiff against the defendant as the administrator of George W. Owens, deceased; and it is manifest from what has preceded and from the record, that the chief object of the suit was to recover by the plaintiff a large sum of money for work and labor, claimed to have been done by the plaintiff for said Owens, deceased, before his

Syllabus 2.

death. Plaintiff's right to recover in the case must be predicated either upon a contract express or implied, or both. Where one person does work and labor for another, with his knowledge and consent, no express contract appearing, it is ordinarily implied by law, that the person for whom the work was so done, requested it to be done, and that he agreed to pay therefor, what such work and labor was reasonably worth. And generally if it be proved, that the work was so done, it will be implied under the circumstances, that it was done at the request of the person, for whom it was done, and that he agreed and undertook to pay therefor, what the same was reasonably worth ; and in such case proof of the work and labor in legal effect amounts to proof of a contract or promise to pay therefor, what the same is reasonably worth.

A contract, whether express or implied by law, is a transaction. And it seems to me, that when one person testifies, that he did work and labor for another, generally he must be taken and considered as testifying to a transaction, in legal contemplation, between him and such other person, within the true meaning and intent of the law now under consideration, because the testimony of the witness tends to prove, in legal effect, not only a request to do the work, but also a promise to pay him therefor, what the same was reasonably worth, and also that he did the work in consideration of such request. The doing of the work and labor is the consideration of the contract or promise to pay, whether express or implied, and it seems to me, cannot be separated from the contract or transaction very easily.

My mind is impressed with the conviction, that the true and proper construction or interpretation of the words "any transaction or communication had personally with a deceased person," as used in the law, is, that it is thereby meant, any transaction or communication had with a deceased person otherwise than through an agent or third person. The spirit of the law, as I think, is

not to allow a party to a suit against an executor, administrator, &c., to testify on his own behalf in respect to any transaction, or communication, had by such party with a deceased person otherwise than through an agent or third person; and that generally all transactions, or communications must be considered and held to have been had personally with the deceased, when it does not appear, that they were had with an agent or third person; that the intention of the law in the exception to the privilege to testify was intended to prevent an undue advantage on the part of the living over the dead, who cannot confront the survivor, or give his version of the affair, or expose the omission, mistakes or perhaps falsehoods of such survivor. The temptation to falsehood and concealment in such cases is considered too great, to allow the surviving party to testify in his own behalf. Any other view of this subject, I think, would place in great peril the estates of the dead, and would in fact make them an easy prey for the dishonest and unscrupulous, which with due deference to the views and opinions of others, it seems to me, the Legislature never intended.

The question here is: "Does the testimony tend to prove what the transaction was?" *Stanley* v. *Whitney*, 47 Barb. 586; *Strong* v. *Dean*, *executrix*, 55 Barb. 337.

Syllabus 1.

The court allowed the plaintiff, as I understand the bill of exceptions, to testify as to her work and labor and services rendered for the deceased, and what things she did in and about the work and labor, she alleged she had performed for the deceased, in his lifetime, whilst she lived with him, that she had taken charge of his household affairs, and had sold produce, and bought provisions for the house with such produce, and had nursed deceased in his sickness. Testifying to the foregoing effect, which I understand from the bill of exceptions the plaintiff did, is to my mind permitting the plaintiff not only to give her own testimony on her own behalf *tending* to prove "what the transaction was," but in

fact allowing her to testify in her own behalf, in legal effect at least, to the whole transaction had personally by her with the deceased. This in my opinion is not intended to be allowed by the law under consideration; and the court erred in allowing the plaintiff to so testify. It is true the circuit Judge according to the bill of exceptions ruled, that the plaintiff could not under the statute testify to any transaction, or communication, had with the deceased; but still the court held, that the plaintiff was competent to testify as to her work and services rendered for the deceased, and what things she did in and about the work and labor, she claimed to have performed for the deceased in his lifetime, whilst she lived with him, and that she had taken charge of the household affairs of the deceased, and had sold produce, and bought provisions for the house with such produce, and had nursed deceased in his sickness, and permitted the plaintiff to testify in her own behalf to such matters and subjects, which in my judgment permitted her in effect, if not directly, to testify in her own behalf to the contract or transactions, upon which she chiefly seeks a recovery in this case.

In the case of *Peck* v. *McKean*, 45 Iowa 18, by Runnells, it was held that "in an action against an administrator to recover upon an implied contract for services rendered the deceased, the plaintiff cannot be permitted to testify to the facts, which would raise an implied promise." *Smith* v. *Johnson et al., Id.* 308. See also *Ross* v. *Ross et al., ex'rs., &c.,* 6 Hun. (N. Y.) 182. This court has heretofore rendered some decisions bearing somewhat upon the question considered here. See *Calwell* v. *Prindle's adm'r et al.,* 11 W. Va. 307; *Anderson* v. *Cranmer et al.,* 11 W. Va. 562.

Counsel for plaintiff has cited for our consideration the case of *Simmons et al adm'rs &c.* v. *Sisson,* 26 New York 264. In that case Rosecrans, Judge, stated as his opinion, that section 399 of the Code of New York of 1862 did not prohibit a party sued by an administrator from

testifying to a conversation heard by him between the deceased and a third person; that the hearing of such conversation is not a transaction between deceased and the witness; nor is such evidence prohibited by the said Code of New York of 1862. This I do not understand from the case as having been decided by the court, but as being simply the opinion given by but the one judge. The question passed upon by Judge Rosecrans is not the same as that in the case at bar; and it is perhaps not proper, that I should now express any definite or fixed opinion as to the correctness of the opinion of the judge; but I must be permitted to say without intending to express a fixed opinion, that it appears to me now, that the judge in his opinion as expressed seems to attach great importance to the strict letter of the law.

Counsel for plaintiff has also cited us to the case of *Card* v. *Card et al.*, 39 New York 317. I have carefully examined this case, and think the point, and in fact the only point, decided by the court in that case, was correctly decided. The point there decided was, that, "in an action against the heirs at law and administrator of a deceased to compel specific performance of an alleged agreement by the deceased to convey land to the plaintiff, the plaintiff is entitled to be sworn as a witness on his own behalf, although he is not competent to testify to transactions had with the deceased personally. It is true Judge Woodruff in his opinion gave utterance to some views, which he regarded as perhaps applicable to that case by way of supposition, which seem to support to some extent the ruling of the circuit court in the case at bar; but most of these views are mere *dicta*. Some of them are doubtless correct as applicable to the case then before the court; but I do not now with my present convictions feel authorized to endorse the correctness of the views of Judge Woodruff throughout, as expressed in his opinion and as applied to the case then before the court. When such questions, as Judge Woodruff supposes in his opinion, arise before this court in a similar case to that

before him, they may properly be decided by this Court
Counsel for plaintiff have also cited us to the case of
*Lobdell et al.* v. *Ammer Lobdell*, 36 N. Y. 327.   This case
supports the opinion of Judge Rosecrans before referred
to, but, as before stated, the question decided there is not
in my view the same in principle as the question before
us in the case at bar.   When such a question as that de-
cided in 36 N. Y. fairly arises upon the record in a case
before us, we will feel disposed to consult that case, and
consider it, and give it the weight and influence upon
our minds and judgment, to which it may be entitled.

We are also cited by the counsel for the plaintiff to
the case of *Franklin* v. *Pinkney*, 18 Abb. Pr. 186; but
that book is not to be found in the State library nor can
we find it in any of the private libraries in Wheeling.

There are no doubt many facts and circumstances, to
which a party to a suit against an administrator, &c.,
may testify as a witness in his own behalf, which trans-
pired or occurred during the lifetime of the decedent,
and which may in some respects be material and cannot
be said to be transactions or communications had per-
sonally with the decedent; but it is impossible to under-
take to specify them in advance, each case must to some
extent be decided, as it shall arise.

Under the view I have taken of this case, it is per-
haps unnecessary to consider the defendant's second as-
signment of error; but I will say, that I do not think
it well taken.   The court no doubt meant, when it said
the verdict was excessive and not fully sustained by the
evidence in the cause, that the verdict was not fully sus-
tained by the evidence as to the amount thereof.   It is
insisted however by the plaintiff, that the bill of ex-
ceptions of the defendant was filed too late to be of avail
in this Court.   I think this question is fully answered
by the opinion of Judge Moncure in Winston v. Giles,
27 Gratt. 534, 535, 536, 537 and 538.

For the foregoing reasons the judgment of the circuit
court of the county of Wirt, rendered in this cause on

the 5th day of June, 1877, must be reversed and annulled, and the defendant in error pay to the plaintiff in error his costs expended about the prosecution of his *supersedeas* in this cause in this Court. And this Court proceeding to render such judgment in the cause, as the circuit court of the county of Wirt should have rendered, it is considered, that the verdict of the jury rendered in this cause be set aside, and that a new trial be, and is hereby, granted and awarded therein, the costs of the former trial to abide the event of the suit; and the cause is remanded to the said circuit court of the said county of Wirt for such further proceedings therein, there to be had, as are in accordance with the principles settled in the foregoing opinion of this Court, and further according to law.

THE OTHER JUDGES CONCURRED.

JUDGMENT REVERSED. CAUSE REMANDED.