Barhard, P. J.
On the 25th of September, 1875, the deceased testator gave his note for $500 to the plaintiff. The note had no term of credit. When the testator died, in 1885, the note was barred by the statute of limitations, unless a certain receipt of $60, interest on it, renewed it. This endorsement was made by the plaintiff, April 6, 1880. Upon all the evidence as taken, the verdict in favor of the note is against the weight of the evidence. On the day of the date of this endorsement the deceased paid to the plaintiff seventeen hundred dollars, and took a receipt, “including all accounts in full, excepting the last year, that is 1879.” Two witnesses testify to conversation with the plaintiff after the date of the receipt in which he acknowledged the settlement. The large sum paid supports these witnesses. On the other hand there is a witness whose testimony is confused and uncertain, to the effect that the deceased had paid the interest in 1880, and that the note was still outstanding. ‘6 He said that Mr. Eedfield held two notes; the Jacob Bull note and a note of $500 against him, and that he had paid the interest up until April, some time the 1st of April, 1880.”
Q. How did he fix the day? Did he say anything about a receipt being given ?
A. Yes, the receipt he said he had got a receipt from Mr. Eedfield and two other notes from him.
Q. Two other notes ?
A. Yes, sir; of $500 each, and that Eedfield held two notes against him.
Stett held no note against Eedfield, and there is no payment of interest up to 1st of April, 1880, but as claimed, only one payment of interest in April 6, 1880.
The witness could not have understood the conversation with the deceased, and the receipt is the best evidence of a settlement. The plaintiff was improperly permitted to testify to the endorsement of interest on the note, April 6,1880. It was, if it represented a real payment, a personal transaction which excludes his evidence under section 829, Code.
If the payment was not in fact made, it was a mere declaration in his own favor. Holcomb v. Holcomb, 95 N. Y., 316; Strong v. Dam, 55 Barb., 337.
The judgment should therefore be reversed and a new trial granted, costs to abide event, as well as for the legal error as for the fact that the evidence does not support the verdict upon the whole case.
Pratt, J., concurs; Dykman, J., dissents.