TAMER FRANCES TREADWELL, Admrx., etc., Respondent, *v.*
THOMAS G. ARCHER et al., Appellants.

Where, upon the maturity of a promissory note given for a usurious loan, for the purpose of an extension, the borrower delivers to the lender a new note, by its terms made payable to a third person, which note is transferred by the lender to said third person, it is tainted with the usury, and is void in the hands of the payee, although he received the same in good faith and without knowledge of the usury.

The new note being taken by the usurer is equally void, as if it had been taken in his own name; and the maker is not estopped by the fact that the promise is in form made direct to the holder.

*It seems,* that if the note had been taken, under the same circumstances of innocence, directly from the maker by the payee, in pursuance of an agreement to take it in discharge of a debt due to him from the lender, the maker would be estopped, and the payee could recover upon the note.

Where, at the time of the execution of a promissory note, in the usual form, by a married woman, she executes another paper appended thereto, declaring her intent to charge her separate estate with the payment of the note, the two instruments are to be construed as one, and the note may be enforced against her.

*Sherwood* v. *Archer* (10 Hun, 73).

(Submitted January 29, 1879; decided February 11, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment of the Westchester County Court in favor of defendants, entered upon a decision of said court. (Reported below, 10 Hun, 73.)

This action was upon a promissory note executed by the defendants, of which the following is a copy :

"WHITE PLAINS, *April* 2, 1875.

" Six months from date, for value received, we severally and jointly promise to pay Sarah Sherwood two hundred dollars, with lawful interest.

"THOMAS O. ARCHER,
"EMILY E. ANDERSON."

Appended to the note was the instrument, of which the following is a copy :

" I, Emily E. Anderson, one of the makers of this, the above note, being a married woman, do hereby charge my separate estate with the payment of the above note.

"Dated *April* 2, 1875.

"EMILY E. ANDERSON."

The defense was usury.

The facts, as found, are set forth in the opinion.

*Eugene Archer*, for appellants. A married woman when she agrees to become security for the debt of a third party, can only be proceeded against in an equitable action. (*Corn Exc. Ins. Co.* v. *Babcock*, 42 N. Y., 646 ; *Loomis* v. *Ruck*, 56 id., 465 ; *Yale* v. *Dederer*, 18 id., 265, 279 ; 22 id., 450.) The note in suit was usurious and void. (*Reed* v. *Smith*, 9 Cow., 647 ; *Steele* v. *Whipple*, 21 Wend., 102 ; *Dowe* v. *Schutt*, 2 Denio, 621; *Tuthell* v. *Davis*, 20 J. R., 285 ; *Hammond* v. *Hopping*, 13 Wend., 505 ; 5 N. Y. [1 Seld.], 178 ; Par. Cont., 396 ; 20 J. R., 285 ; *Vickery* v. *Dickson*, 35 Barb., 96 ; *Thompson* v. *Berry*, 3 Johns. Ch., 395 ; *Berry* v. *Thompson*, 17 J. R., 436.) The defendant,

Mrs. Anderson, being a married woman, not engaged in trade, could not make a valid promissory note. (*Yale* v. *Dederer*, 18 N. Y., 265, 272, 278 ; 22 id., 456, 457, 460 ; *Owen* v. *Cawley*, 36 id., 600, 603; *Scudder* v. *Gori*, 18 Abb., 227 ; *White* v. *McNett*, 33 N. Y., 376 ; *Corn Exc. Ins. Co.* v. *Babcock*, 42 N. Y., 614; 3 Kent's Com., 76; *Loomis* v. *Ruck*, 56 N. Y., 465 ; *Kelso* v. *Tabor*, 5 Barb., 129.) If the signature of a married woman to a contract charging her separate estate is obtained by fraud, duress or unfair advantage, it cannot be enforced even though it has passed into the hands of a *bona fide* transferree. (*Dana* v. *Munroe*, 38 Barb., 528; *Jacques* v. *M. E. Church*, 17 J. R., 548; 3 Johns. Ch., 77 ; *Loomis* v. *Ruck*, 56 N. Y., 465.)

*M. G. Hart*, for respondent. The agreement executed by defendant, Anderson, at the foot of the note in suit, must be construed as a part of it. (*Rawson* v. *Lampman*, 5 N. Y., 456; *Rogers* v. *Smith*, 47 id., 324; *Corn Exch. Ins. Co.* v. *Babcock*, 72 id., 613; *Manhattan Co.* v. *Thompson*, 22 id., 450.) It was not necessary to show that the consideration of the note inured to the benefit of Mrs. Anderson's separate estate. (*Yale* v. *Dederer*, 22 N. Y., 450; 42 id., 613; 53 Barb., 615; 3 Lans., 116; *Moinlaws* v. *Andrews*, 8 Hun, 65; *Gosman* v. *Cruger*, 2 N. Y. Weekly Dig., 329; *Todicker* v. *Cantrell*, 2 id., 572.) The note in suit being a new security given to plaintiff for a valuable consideration, without notice of the usury in the prior obligations, is valid in her hands, and not affected by the usury connected with the previous notes. (*Kent* v. *Walton*, 7 Wend., 256; *Aldrich* v. *Reynolds*, 1 Barb. Ch., 431; *Smeadberg* v. *Whittlesey*, 3 Sandf. Ch., 320; *Brinkeroff* v. *Foote*, 1 Hoff. Ch., 291; *Powell* v. *Waters*, 8 Cow., 81, 609; *Smalley* v. *Doughty*, 6 Bosw., 66.) The principle that a new security is infected with the taint which invalidated the former ones does not apply to an innocent holder of the new security, who took it directly from the debtor. (*Ellis* v. *Warnes*, Cro. Jac., 33; *Cuthbert* v. *Haley*, 8 T. R., 399; *Jackson* v.

*Henry*, 10 J. R., 184; *Holmes* v. *Williams*, 10 Paige, 329; *Aldrich* v. *Reynolds*, 1 Barb. Ch., 43; 2 Hill, 522; 4 N. Y. Weekly Digest, 586; *Turner* v. *Hulme* [2 Pars. ed.], 398, n.)

Danforth, J.   This action was brought in the Westchester County Court by Sarah Sherwood, plaintiff, and she dying, it was continued in the name of Tamer Frances Treadwell as administratrix of her estate.

She sought to recover from the defendants the amount of a promissory note, by the terms of which they jointly and severally promised "to pay Sarah Sherwood two hundred dollars with lawful interest."

At the close of the evidence the court took the case from the jury, and made findings of fact and law, resulting in judgment for the plaintiff for the sum demanded.   This was affirmed by the General Term of the second department.

Upon the facts found by the trial court, two questions are presented.   1st. Was the note affected by usury ?   2d. And if not, was the defendant, Mary E. Anderson, liable in this action?

As to the second, we think an intention to charge her separate property sufficiently appears.   (*Manhattan B. and M. Co.* v. *Thompson*, 58 N. Y., 82.)   The paper containing the declaration of that intention was executed at the same time with the note, and the two instruments must be construed as one.   (*Rogers* v. *Smith*, 47 N. Y., 324.)   The important question relates to the validity of the note.

The trial court finds :

1. That Archer on the 3d of June, 1874, borrowed of Devoe Treadwell $200 at a usurious rate of interest, and gave his note therefor.

2. At its maturity an extension of time was given by Devoe Treadwell, also at a usurious rate, and a new note was given to him by Archer.

3. At the maturity of this note Archer wanted another extension from Treadwell, which was granted, and the note in question made.

In the language of the findings "it was done by the defendant's making and delivering the note in suit," and then as an independent fact, "Treadwell being indebted to the plaintiff in the sum of $200, delivered to her the note in suit, in payment of said indebtedness. She neither received any of the usury, nor knew that Treadwell received any, or authorized him to receive any illegal interest."

And as conclusion of law "that the note in suit was given, by defendants to an innocent third person, and was not given to the original party, and therefore was not a transaction between the parties to the original note or notes, and that the usury in those notes does not affect this one." We think the court erred in this conclusion. Upon the facts found, the note was given to Treadwell in consideration of the extension granted by him. No other just inference can be permitted. Archer requested Treadwell to extend the time for payment on the second note. It "was done by the defendants making and delivering the note in suit." To whom? It is not expressly stated, but no person other than Treadwell is mentioned as having the power or right to grant the favor, or as having, any connection with the previous notes or the possession of either. The thing asked, is granted; obviously by the person having the power to grant, and the extension asked for was effected "by making and delivering the note in suit." We must infer that it was delivered to Treadwell. But we need not resort to presumption. The other finding above referred to is explicit, viz.: "Treadwell being indebted to Sherwood in the sum of $200 delivered to her the note in payment of his indebtedness to her." The consideration then moved from the plaintiff to Treadwell, and Treadwell delivered the note to her. Such also is the construction claimed by the learned counsel for the appellant. In his brief upon which the case is submitted, it is said: "The note in suit was made, and delivered to Treadwell for the purpose of extending the time of payment of said second note and for no other consideration. Treadwell being indebted to the plaintiff, after-

wards delivered said note to her as security for payment of his indebtedness to her."

The evidence is not contained in the case, and we must assume that the findings of fact are true and in accordance with it.

The General Term construe the findings in the same manner. (*Sherwood* v. *Archer*, 10 Hun, 73–75.) But the learned judge who in that court delivered the prevailing opinion, refers to the fact that the note was by its terms payable to the plaintiff and says : " By making the promise directly to the plaintiff the defendants in fact represented to her that the transaction in which the note originated was a lawful one, and they are estopped to deny the truth of that representation." This would be so if the note had been made with the consent of the plaintiff, upon her agreement to take it from the makers in payment of the debt due from Treadwell, but no such fact is found. The question presented is as to the validity of the note in Treadwell's hands and before its delivery to the plaintiff. Upon the findings of fact it is clear that the only consideration for the note in suit was another note void for usury. The new note was taken by the usurer in the name of another person, and it is equally void as if taken in his own name. If it had been taken directly from the makers by the plaintiff in discharge of a debt due from Treadwell, under the circumstances of innocence stated in the finding, the judgment of the court below could be sustained. The cases cited by the respondent relate to such a case, but not to the one before us. This case is one where a security tainted with usury is given up, and a new security substituted by the parties. The substituted as well as the original security is therefore void. The old cases of *Ellis* v. *Warnes* (Cro. Jac., 33) and *Lowe* v. *Waller* (Douglas, 736) illustrate the the two positions, and it will be seen that there is a manifest difference between them. In *Ellis* v. *Warnes* the security was originally given to a person not privy to the usury and for a valuable consideration and was upheld. In *Lowe* v.

*Waller*, it is said " the security was originally given to the usurer and therefore was void at the first, and the subsequent assignment could not corroborate it, though made to a per_ son not privy to the usury and for a valuable consideration." The latter covers the question before us. The principle which governed these cases has been approved in repeated instances, and applied to the facts in this case requires that the judgment of the court below, and that of the Westchester County Court be reversed, and a new trial granted, with costs to abide event.

All concur.

Judgment reversed and new trial granted.