(1 App. Div. 574.)

### FELDMAN v. McGRAW et al.

(Supreme Court, Appellate Division, First Department. February 21, 1896.)

1. USURY—SUBSTITUTION OF NOTES.
   A note substituted for a usurious note is itself usurious.

2. SAME—PLEADING.
   Under a plea in an action on a note that it was usurious to a certain
   amount, usury in notes for which it was substituted may be shown.

3. EXCLUSION OF EVIDENCE—OFFERS.
   That a party may avail himself of error in the exclusion of a question
   on the ground that the fact sought to be elicited had not been pleaded,
   he need make no offer of evidence or follow the question with others
   tending in the same direction.

Appeal from circuit court, New York county.

Action by Bernard Feldman against Frederick J. McGraw and an-
other. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
WILLIAMS, and PATTERSON, JJ.

W. Tazewell Fox, for appellants.
Ten Eyck & Remington, for respondent.

BARRETT, J. This was an action upon a promissory note for
$650. The defense was usury, the defendants averring that the lender
exacted over 21 per cent. upon the loan represented by the note, and
that this exaction amounted to $138. It appeared upon the trial that
the lender, Edward Brennan, actually paid McGraw in cash but $37
upon the transaction in question. The rest of the $650 was made up
by his returning to McGraw the latter's obligations, as follows: Two
notes, one for $290, and one for $240; and two checks, one for $33,
and one for $50. The $290 note was payable five days after the 21st
of September, 1894. The $240 note was payable three days after the
18th of the same month. The $33 check was dated on the 19th of
the same month, and the $50 check was dated on the very day when

the $650 note was given (September 24th), and was handed by Mc-Graw to the lender for the express purpose of enabling the latter to return it to him immediately, as a part of the consideration of the loan. The defendant McGraw claimed that the lender discounted the $650 note for this $50, plus the usury on the other notes.   He testified to the reservation of the $50, and then attempted to show usury in these other notes.   He commenced by asking the question whether the lender had discounted the $290 note prior to the 24th of September, and what was the amount in cash he gave for it.   This was objected to generally, the plaintiff's counsel specifying no ground.   The learned trial judge sustained the objection, stating that he did so upon the ground that the fact sought to be elicited had not been pleaded; and the defendants excepted to the ruling.   We think the court erred in excluding the question.   The defendants had a right to show that the $650 note was not only tainted with the usurious reservation of $50, but that it was a substitute for other notes which were also usurious.   Where a security tainted with usury is given up, and a new security substituted, the substituted security is void.   Treadwell v. Archer, 76 N. Y. 196; Stanley v. Whitney, 47 Barb. 588.   The plaintiff did not object to the question upon the ground that usury in the original notes had not been pleaded.   His objection, as we have seen, was general.   We think, however, that the plea was sufficient to entitle the defendants to prove the facts.   They were not required to plead their evidence.   The testimony, if allowed, might have shown the fact of a usurious agreement precisely as pleaded.   The plea was that the lender reserved an unlawful percentage, amounting to $138; that is, $88 beyond the $50 directly taken.   If the defendants had proved usury in the other transactions to the extent of $88, they would have proved the usury as averred.   They were no more bound to state the circumstances attending the reservation of the $88 than the fact that the $50 was reserved by the check device.   The particulars of the reservation of the entire sum of $138 were matter of evidence. We think, therefore, that the defendants should have been allowed to prove the entire transaction.

The respondent also claims that the defendants should have followed the question which was excluded by an offer to prove usury in the original notes.   But they were not bound to make an offer.   Nor was it necessary, in view of the ground upon which the learned judge placed his ruling, to follow up the excluded question with other questions tending in the same direction.   Where the question is excluded because the fact sought to be proved is not pleaded, counsel surely need not multiply questions on the same head, nor incumber the record with useless offers.

The judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event.   All concur.