FELDMAN v. McGRAW et al.

(Supreme Court, Appellate Division, Second Department. February 19, 1897.)

APPEAL—REVIEW—FORMER DECISION.
    One department of the appellate division will not consider the admissibility of certain evidence under a particular plea, where the point has been deliberately decided on a former appeal by another department.

Appeal from trial term, New York county.
Transferred from the First department.
Action by Bernard Feldman against Frederick J. McGraw and Michael Brennan. From a judgment entered on a verdict in favor of defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.
Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

S. R. Ten Eyck, for appellant.
N. A. Lawlor, for respondents.

PER CURIAM. The nature of this action is stated, and the facts are sufficiently set forth, in the opinion delivered upon the first appeal. Feldman v. McGraw, 1 App. Div. 574, 37 N. Y. Supp. 434. It was there held that the plea of usury in the answer entitled the defendants to show that the note in suit was a substitute for other notes which were also usurious. A considerable por-

tion of the brief for the appellant on the present appeal is de-
voted to an effort to convince us that this view is erroneous. As
was intimated on the oral argument, however, we shall decline to
re-examine a point of this kind, involving no question of legal prin-
ciple, but only the admissibility of certain evidence under a par-
ticular plea, where the point has been deliberately passed upon by
the appellate division in another department.

One suggestion, however, in this portion of the appellant's brief
may be noticed. That is that the proof actually put in by the
defendants on the second trial could not reasonably have been
anticipated by the plaintiff. "Can it with any reason," says coun-
sel, "be claimed that the plaintiff was apprised by the answers in
this case that he would be called upon to meet such a state of
facts?" The obvious response is that, whatever may have been
the case on the first trial, the plaintiff must have known exactly
what to look for in this respect on the second trial, after the court,
on appeal, had declared that evidence as to the usurious character
of the antecedent notes could and must be received. In the light
of that decision, it is impossible to see how the plaintiff could
have been surprised at the introduction of such proof. He must
have been aware that it would be offered, and he had ample op-
portunity to prepare himself accordingly to meet it.

We have read the testimony, and find nothing to warrant us in
interfering with the verdict as being against the evidence. Criti-
cism is made upon only a single proposition in the judge's charge,
and to that no exception was taken. We do not think it was either
erroneous or harmful to the plaintiff.

The judgment and order must be affirmed, with costs.