GOLDMAN et al. v. UHLMANN.

(Supreme Court, Appellate Division, First Department. April 9, 1897.)

USURY—NOTE VOID IN HANDS OF THIRD PERSONS.

    A usurious note taken by a creditor in the name of one to whom he was indebted as payee is void in the hands of the payee where he was a party to the usurious contract, though accepted by him in satisfaction of the creditor's debt.

Appeal from trial term, New York county.

Action by Marcus Goldman and others against Oscar Uhlmann on a note. From a judgment entered on a verdict in favor of defendant,

and from an order denying a motion for a new trial, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, and PARKER, JJ.

B. F. Einstein, for appellants.

Lawrence E. Sexton, for respondent.

PARKER, J. The action was on a promissory note, and the de-fense interposed usury. Result, a verdict by the jury for the defendant, and a judgment entered accordingly. On this review the appellants urge that (1) the motion for a direction of a verdict should have been granted; (2) the verdict was against the weight of evidence; (3) error was committed in excluding the agreement of May 28, 1895, between William Junge & Co. and Henry Waldmann. After the plaintiffs had rested their case, the defendant undertook to sustain the defense alleged in his answer. He proved, among other facts, that on the 16th day of July, 1895, William Junge and himself were partners under the firm name of William Junge & Co., which firm on that day entered into a contract with E. Guttermann & Co. and Henry Waldmann, which reads as follows:

"New York, July 16, 1894.

"The following agreement has been entered in to-day between E. Guttermann & Co., or Henry Waldmann, of New York, on one part, and Wm. Junge & Co., of New York, the other part: The first part to advance Wm. Junge & Co., of New York, $19,000 cash, as needed, between October 1st to November 1st. The said Wm. Junge & Co. to pay, in consideration therefor, $25,000, as follows: $6,000, March 15th; $5,000, April 1st; $5,000, April 15th; $5,000, April 30th; $4,000, May 15th,—$25,000.        Wm. Junge & Co.

"E. Guttermann & Co.

"Hy. Waldmann."

The defendant testified that the $6,000 which, under the contract, his firm was to give for the use of the $19,000, was the first item mentioned in the contract, and therefore payable March 16th following; and that, immediately upon the execution of such agreement, William Junge & Co. gave to Henry Waldmann, one of the parties to it, two notes, of $2,000 each, in prepayment of the interest, on consideration provided for in the agreement for the loan or forbearance of the sum of $19,000. The history of those two notes and of the successive renewals thereof was also given by the defendant, from which it appears that the note in suit was a renewal, to the extent of the amount represented to be due upon its face, of the two notes given to secure the $6,000 which the defendant promised to pay for the loan, and that it had no other consideration to support it. While the attempt was made by Waldmann to show that this particular note was given for hops sold outside of the agreement of July 16, 1894, nevertheless a question for the jury was presented, and it has been found in favor of the defendant.

It may as well be said in this connection, and in answer to appellants' second point, that this court would not be warranted in holding that the verdict was against the weight of evidence. The first point made by the appellants, namely, that the court should have

directed a verdict in favor of the plaintiff, is not founded on the claim that the original contract was not usurious, or that the record is barren of evidence that the note in suit had for its only consideration the agreement of William Junge & Co. to pay $6,000 for the loan or forbearance of $19,000, but that the note in suit was made payable to a third party, and accepted by such third party in payment of the indebtedness of Waldmann to him, with the knowledge and consent of this defendant. This contention the appellants would have us believe has such support in Treadwell v. Archer, 76 N. Y. 196, as made it the duty of the court to hold the defendant estopped from asserting the defense of usury. After an examination of the facts of that case, and a consideration of what the court decided, the conclusion is reached that it furnishes no support whatever to the appellants' contention. In that case, Thomas O. Archer and Emily E. Anderson gave a promissory note for a usurious loan. For the purpose of obtaining an extension of the time of payment, they gave to the lender a new note, by its terms payable to a third person, to whom the note was transferred by the lender; and the court held the note to be void, although the payee received the note in good faith, and without knowledge of the usury, and that the fact that the usurer took the note in some other name than his own did not estop the maker, as against such payee, from asserting the defense of usury. If E. Guttermann & Co. could be treated as an innocent third party in accepting the note in question, in payment of the indebtedness due to them from Waldmann, then the facts of this case, so far as material, would be precisely like those of Treadwell's Case, which resulted in a decision sustaining the defense of usury. E. Guttermann & Co., the payees of this note, did not take the note directly from the maker. They accepted it from Waldmann. It was drawn payable to E. Guttermann & Co., at Waldmann's request, and upon his statement that he was largely indebted to E. Guttermann & Co., and wanted these notes to be given to them. Waldmann testified that he told the defendant Uhlmann what he was intending to do with the note, and why he wanted it payable to Guttermann & Co., and further testified: "He [Uhlmann] gave me those two notes to give to E. Guttermann & Co. I then agreed with E. Guttermann & Co. that they were to take those two notes in part payment of my indebtedness to them." The note therefore was delivered to Waldmann, although payable to E. Guttermann & Co., as in Treadwell's Case the note was delivered to Treadwell, although payable to Sherwood, who was Treadwell's creditor. The most favorable view of the facts of this case from the appellants' standpoint makes Treadwell's Case an authority against them. But E. Guttermann & Co. cannot be treated on this review as innocent third parties. They were parties to the contract of which this note is in part the outcome,—a contract which upon its face bears the unmistakable evidence of an usurious agreement.

The court excluded from the evidence the agreement between William Junge & Co. and Henry Waldmann, bearing date May 28, 1895, which purports to be a contract of settlement between the parties, and which the appellants insist operated to purge the note in ques-

tion of usury. After a careful examination of the contract, we are of the opinion that it has no connection whatever with the note in suit, and was therefore properly excluded.

Judgment should be affirmed, with costs. All concur.