MARCUS GOLDMAN and Others, Appellants, *v.* OSCAR UHLMANN, Respondent.

*Usury — where the usurer takes a note for the usury in the name of another, the debtor is not estopped thereby.*

Where the defense of usury is interposed to an action upon a promissory note, the fact that the note was made payable to a third party, an alleged creditor of the party to the usurious agreement to whom it was delivered, does not estop the maker thereof, having knowledge of such facts, from setting up the usury.

APPEAL by the plaintiffs, Marcus Goldman and others, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 29th day of October, 1895, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 28th day of October, 1895, denying the plaintiffs' motion for a new trial made upon the minutes.

*B. F. Einstein* and *M. S. Guiterman,* for the appellants.

*Lawrence E. Sexton,* for the respondent.

PARKER, J.:

The action was on a promissory note, and the defense interposed usury. Result, a verdict by the jury for the defendant, and a judgment entered accordingly. On this review the appellants urge that: (1) The motion for a direction of a verdict should have been granted; (2) the verdict was against the weight of evidence; (3) error was committed in excluding the agreement of May 28, 1895, between William Junge & Co. and Henry Waldmann.

After the plaintiffs had rested their case the defendant undertook to sustain the defense alleged in his answer. He proved, among other facts, that on the 16th day of July, 1895, William Junge and himself were partners under the firm name of William Junge & Co., which firm, on that day, entered into a contract with E. Guettermann & Co. and Henry Waldmann, which reads as follows:

                                        " NEW YORK, *July* 16, 1894.

" The following agreement has been entered in to-day between E. Guettermann & Co., or Henry Waldmann of New York, on one part and Wm. Junge & Co., of New York, the other part.

"The first part to advance Wm. Junge & Co., of N. Y., $19,000 cash as needed between October 1st to November 1st. The said Wm. Junge & Co. to pay in consideration therefore* $25,000 as follows:

"$6,000, March 15th.
"$5,000, April 1st.
"$5,000,    "    15th.
"$5,000,    "    30th.
"$4,000, May 15th.

"$25,000

"WM. JUNGE & CO.,
"E. GUETTERMANN & CO.,
"HY. WALDMANN."

The defendant testified that the $6,000 which, under the contract, his firm was to give for the use of the $19,000, was the first item mentioned in the contract, and, therefore, payable March sixteenth following; and that immediately upon the execution of such agreement William Junge & Co. gave to Henry Waldmann, one of the parties to it, two notes of $3,000 each in pre-payment of the interest or consideration provided for in the agreement for the loan or forbearance of the sum of $19,000. The history of those two notes and of the successive renewals thereof was also given by the defendant, from which it appears that the note in suit was a renewal, to the extent of the amount represented to be due upon its face, of the two notes given to secure the $6,000 which the defendant promised to pay for the loan, and that it had no other consideration to support it.

While the attempt was made by Waldmann to show that this particular note was given for hops sold outside of the agreement of July 16, 1894, nevertheless a question for the jury was presented, and it has been found in favor of the defendant.

It may as well be said in this connection and in answer to appellants' second point, that this court would not be warranted in holding that the verdict was against the weight of evidence.

The first point made by the appellants, namely, that the court should have directed a verdict in favor of the plaintiff, is not founded on the claim that the original contract was not usurious, or that the record is barren of evidence that the note in suit had for its only

---

* *Sic.*

consideration the agreement of Wm. Junge & Co. to pay $6,000 for the loan or forbearance of $19,000, but that the note in suit was made payable to a third party, and accepted by such third party in payment of the indebtedness of Waldmann to him, with the knowledge and consent of this defendant. This contention, the appellants would have us believe, has such support in *Treadwell* v. *Archer* (76 N. Y. 196) as made it the duty of the court to hold the defendant estopped from asserting the defense of usury.

After an examination of the facts of that case, and a consideration of what the court decided, the conclusion is reached that it furnishes no support whatever to the appellants' contention. In that case Thomas O. Archer and Emily E. Anderson gave a promissory note for a usurious loan. For the purpose of obtaining an extension of the time of payment they gave to the lender a new note, by its terms payable to a third person, to whom the note was transferred by the lender, and the court held the note to be void, although the payee received the note in good faith, and without knowledge of the usury, and that the fact that the usurer took the note in some other name than his own did not estop the maker, as against such payee, from asserting the defense of usury. If E. Guettermann & Co. could be treated as an innocent third party in accepting the note in question in payment of the indebtedness due to them from Waldmann, then the facts of this case, so far as material, would be precisely like those of *Treadwell's* case, which resulted in a decision sustaining the defense of usury.

E. Guettermann & Co., the payee of this note, did not take the note directly from the maker. They accepted it from Waldmann. It was drawn payable to E. Guettermann & Co. at Waldmann's request, and upon his statement that he was largely indebted to E. Guettermann & Co., and wanted these notes to be given to them. Waldmann testified that he told the defendant Uhlmann what he was intending to do with the note, and why he wanted it payable to Guettermann & Co., and further testified: "He (Uhlmann) gave me those two notes to be given to E. Guettermann & Co. I then agreed with E. Guettermann & Co. that they were to take those two notes in part payment of my indebtedness to them." The note, therefore, was delivered to Waldmann — although payable to E. Guettermann & Co.— as in *Treadwell's* case the note was delivered to Treadwell,

although payable to Sherwood, who was Treadwell's creditor. The most favorable view of the facts of this case, from the appellants' standpoint, makes *Treadwell's* case an authority against them. But E. Guettermann & Co. cannot be treated on this review as innocent third parties. They were parties to the contract, of which this note is in part the outcome — a contract which upon its face bears the unmistakable evidence of an usurious agreement.

The court excluded from the evidence the agreement between Wm. Junge & Co. and Henry Waldmann, bearing date May 28, 1895, which purports to be a contract of settlement between the parties, and which the appellants insist operated to purge the note in question of usury.

After a careful examination of the contract we are of the opinion that it has no connection whatever with the note in suit, and was, therefore, properly excluded.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., RUMSEY and WILLIAMS, JJ., concurred.

Judgment affirmed, with costs.