WILLIAM E. MURPHY, Appellant, *v.* JOHN HOFMAN COM-
PANY, Respondent.

Sale — replevin — facts regarding sale and delivery of goods examined, and held, that title passed and that seller cannot replevin goods after bankruptcy of buyer.

Defendant sold and delivered store fixtures to a customer who complained because there was delay in delivery and non-compliance with the contract, demanded a reduction in price and suggested a compromise, stating that pending a compromise the fixtures would not be accepted. Defendant refused to compromise or take back the fixtures and several times demanded payment. The purchaser became bankrupt and a receiver, who afterward became trustee, took possession of the fixtures with other property of the bankrupt and used them in the business. Thereafter they were sold, with other assets of the bankrupt, and the plaintiff herein became the purchaser. Later this defendant in an action of replevin, to which the receiver was a party, obtained possession of the fixtures. The United States Supreme Court on appeal by the receiver held that the State court had no jurisdiction, upon the ground that when the action was begun the fixtures were in the custody of the court of bankruptcy, hence the question of title thereto was not determined. While that action was pending the defendant resold the fixtures to another. The purchaser at the bankruptcy sale brings this action for the conversion of the fixtures. *Held*, that the fixtures had been delivered to the original purchaser and title had passed upon delivery. The seller refused to retake the goods and demanded payment and thus elected to confirm the title already vested in the buyer, and upon the buyer's bankruptcy its receiver continued the use of the fixtures, accepted the same as part of the estate and maintained the bankrupt's ownership thereof. Hence the defendant's claim of title cannot be sustained.

*Murphy* v. *John Hofman Co.*, 157 App. Div. 88, reversed.

(Argued April 19, 1915; decided May 25, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 12, 1913, affirming a judgment in favor of defendant entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*H. D. Bailey* for appellant. The Federal court had exclusive jurisdiction to determine the title and right of possession of these chattels. (211 U. S. 562; 21 Am. Bank. Rep. 487; 178 U. S. 542; 102 U. S. 686; 10 Am. Bank. Rep. 608; 198 U. S. 539; 147 U. S. 508; 106 U. S. 196; 169 U. S. 432; 152 U. S. 327; 12 Am. Bank. Rep. 727; 71 N. Y. 601; 10 Hun, 3; 15 Hun, 282; 64 Hun, 384; 17 Am. Bank. Rep. 709.) The evidence admitted did not warrant a verdict that the Hofman Company retained title to all the chattels, nor did it warrant the submission of any such question to the jury. (108 N. Y. 387; 26 Misc. Rep. 770; 115 N. Y. 539; 167 N. Y. 48; 27 App. Div. 464; 1 L. R. A. 465; 12 Am. Bank. Rep. 216; 12 Am. Bank. Rep. 212; 127 N. Y. 631; 50 N. Y. 352; 140 N. Y. 593; 165 N. Y. 444.)

*James Farrell* for respondent. Plaintiff succeeded only to such rights as the Dodge Dry Goods Company had in the chattels in question, as against defendant. (*Matter of Mulhauser*, 10 Am. Bank. Rep. 236; *Matter of George M. Hill Co.*, 123 Fed. Rep. 866; *York Mfg. Co. v. Cassell*, 15 Am. Bank. Rep. 633.) The verdict is supported by the evidence. (*Matter of Hill Co.*, 123 Fed. Rep. 866.)

Cardozo, J. The action is one to recover damages for conversion. In March, 1903, the Dodge Dry Goods Company gave an order to the defendant for show cases and counters. They were installed about June 5, 1903, in the buyer's place of business. On June 16 there came from the buyer a letter of complaint. There was complaint because there had been delay in the delivery of the fixtures. For this delay it was stated that a claim would be made for a reduction of the price. There was complaint that one case did not comply with the specifications, and

the defendant was informed that "this case" was not accepted "as meeting the requirements of the contract." The letter closed with the suggestion that a compromise would be considered, but added that "pending such a result, we refuse to accept your case and work." A second letter, dated June 20, 1903, renews the thought of settlement. In this letter nearly all the loss is ascribed to the delay. The seller is notified that unless the proposed settlement is accepted, full damages will be demanded.

The defendant did not yield to its customer's claim that it was in default under its contract. On June 24, 1903, its attorney wrote that the account for the price of the fixtures had been placed in his hands for collection, that the work had been accepted, and that payment must be made. He reiterated this demand on July 14, and again on August 12, 1903. A few days later, on August 18, 1903, the Dodge Dry Goods Company became bankrupt, and Edward Murphy, 2d, was appointed receiver of its property. At a later date, he became trustee. While he remained receiver, he was served, on October 6, 1903, with a summons and a requisition in replevin in an action by the seller to regain possession of the fixtures. The claim was then made that title to the fixtures had never passed to the bankrupt, but remained in the seller. That action was brought in the Supreme Court of this state. Its prosecution seems to have been stayed. At all events, nothing was done in it for a year. In the meantime, the receiver retained the show cases and counters, and used them in the business. This use continued from his appointment in August, 1903, until October 10, 1904. On that date, there was a sale of the bankrupt's assets under an order of the court of bankruptcy, and the plaintiff, William E. Murphy, became the purchaser of the fixtures. A few days later, on October 14, 1904, the defendant forcibly took the fixtures from the possession of the purchaser. The seizure was made by the sheriff in the action of replevin. The action was prosecuted to judgment, and

the seller's title was sustained.   The receiver, the defendant in the replevin action, took the case to the Supreme Court of the United States (*Murphy* v. *John Hofman Co.*, 211 U. S. 562).   It was there held that the state court was without jurisdiction.   There was no attempt to determine the merits of the controversy.   The decision was put upon the ground that when the replevin action was begun, the fixtures were in the custody of the court of bankruptcy, and that the state court was without power to disturb that possession.   While that action was pending, the fixtures were resold by the defendant after their seizure by the sheriff; and the purchaser at the sale in bankruptcy now sues for their conversion.   A judgment for the defendant has been affirmed at the Appellate Division by a divided court.

We think that upon this record, the defendant's claim of title is not to be sustained.   The argument in its favor is that the Dodge Dry Goods Company refused to accept the fixtures, and that because of this refusal the title never passed.   The trial judge took that view, and charged the jury that unless the goods had been accepted, the defendant must prevail.   We think the law of the case is in opposition to that ruling.   The fixtures had been delivered; and title passed upon delivery.   It is true that the buyer made complaints, but even if those complaints are to be construed as a notice of rejection, they did not change the title.   The uncontradicted evidence is that the fixtures complied with the contract, and hence the buyer was not at liberty to reject them.   In those circumstances, its title was not dependent upon acceptance (*Nichols* v. *Morse*, 100 Mass. 523; *Andrews* v. *Durant*, 11 N. Y. 35, 40; *Rodgers* v. *Phillips*, 40 N. Y. 519, 530).   It was bound to accept, because the thing which it had received was the thing which it had contracted to buy; and it could not divest itself of title, without the assent of the seller, by an unjustified disclaimer.   It is true that the seller might have taken the

1915.]          Opinion, per CARDOZO, J.          [215 N. Y.]

buyer at its word, and yielding to the notice of rejection, have consented to a rescission (*Sturtevant* v. *Orser*, 24 N. Y. 538). But that is not what the seller elected to do. It rejected the offer that it be permitted to retake the goods. It gave notice that it stood upon its rights, and demanded payment of the price. It thus elected to confirm the title which had already vested in the buyer. From that time on, the buyer gave no further token of a purpose to hold the fixtures as the property of the seller. On the contrary, it used them in its business; and upon its bankruptcy, its receiver continued the same use, accepted the fixtures as a part of the estate, and maintained the bankrupt's ownership (*Brown* v. *Foster*, 108 N. Y. 387, 392). It was too late for the defendant then to recall its own election, to accept the offer of rescission which it had rejected, and against the will of the receiver, to revest itself with title. In brief, the notice of rejection, being given without right, had no effect upon the title without the concurrence of the seller; and the concurrence was not manifested until it was too late. In all this, we have assumed that the letters of June 16 and June 20 were equivalent to a notice of rejection. At best, their meaning is equivocal. They are equally consistent with an intention to retain the title, but to insist upon a claim for damages. They suggest, moreover, a rejection of one case only, and an acceptance of all others. There was thus an attempt to accomplish a partial rather than a complete rescission (*Shields* v. *Pettee*, 2 Sandf. 262; *Lyon* v. *Bertram*, 20 How. [U. S.] 149, 154; *Morse* v. *Brackett*, 98 Mass. 205, 207; *Hubbardston Lumber Co.* v. *Bates*, 31 Mich. 158, 169). But even if we assume that the jury were at liberty to construe the letters as a rejection of all the fixtures, we think the notice was ineffective to divest the buyer's title. A verdict should, therefore, have been directed in favor of the plaintiff.

One other question, since it may arise on another trial,

deserves a word of mention. The plaintiff asks us to hold that the judgment of the Supreme Court in the replevin action (*Murphy* v. *John Hofman Co.*, 211 U. S. 562) is conclusive evidence in his favor. We do not share that view. Whether the plaintiff or the defendant had the better title, was not determined there. The court, in its opinion by MOODY, J., was at pains to point out that no such question was before it. "The burden rested upon the plaintiff to show, first, that the title had not passed from it to the Dodge Company, a question purely of state cognizance; and, second, that the possession of Murphy of the show cases was not a possession as receiver in bankruptcy, a question ultimately for Federal cognizance." (211 U. S. 562, at p. 568.) All that was determined was that the state court was without jurisdiction to disturb the possession of the court of bankruptcy. In this action the defendant is not seeking to protect itself through any process issued in the action of replevin. Its position is the same as if it had taken the fixtures without process (*Gandy* v. *Collins*, 214 N. Y. 293, 299). Nor are we dealing here with any question of contempt of the federal court (*Moore* v. *Potter*, 155 N. Y. 481, 490). The fact is, indeed, that, at the time of the seizure, the fixtures had gone out of the custody of the trustee in bankruptcy and into the custody of the plaintiff. The sole question to be determined here is whether the plaintiff or the defendant had the better title. The answer is not controlled by the judgment in the action of replevin, but we think, for the reasons already stated, that, upon the record before us, it must be an answer in favor of the plaintiff.

The judgment should be reversed and a new trial granted, with costs to abide the event.

WERNER, HISCOCK, CHASE, COLLIN, MILLER and SEABURY, JJ., concur.

Judgment reversed, etc.