■ JOHN J. FOLEY, Appellant, v MARY E. ROCHE et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated October 27, 1980, which granted defendants' motion to dismiss the action for lack of jurisdiction. Order affirmed, without costs or disbursements. Defendants' motion to dismiss for lack of jurisdiction was essentially one to reargue a prior order (*Foley v Roche,* 68 AD2d 558) denying dismissal on that ground because the basis for that order (*Baden v Staples,* 45 NY2d 889) had since been overruled by the Supreme Court of the United States in *Rush v Savchuk* (444 US 320) and the Court of Appeals in *Gager v White* (53 NY2d 475). Reargument for such purpose is proper even if the period within which to appeal the prior order had expired (*Mosca v Pensky,* 41 AD2d 775; see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2221:8). That this prior order had been made by the Appellate Division, First Department (prior to a change of venue to Nassau County), presents no difficulty here, despite the general law of the case principle that an Appellate Division ruling on a legal issue precludes subsequent reconsideration not only by Special Term (*Bolm v Triumph Corp.,* 71 AD2d 429, 434, mot for lv to app dsmd 50 NY2d 928), but also by the Appellate Division itself (*Osborn v Cardeza,* 208 NY 131, 136-137; *Gelman v Joseph P. Day, Inc.,* 229 App Div 809, affd 255 NY 584; *Murphy v Hofman Co.,* 157 App Div 88, 91-92, revd on other grounds 215 NY 185), as well as by a different Appellate Division (*Stokes v Hyde,* 24 App Div 624; *Feldman v McGraw,* 14 App Div 631). The doctrine of law of the case is "not an absolute mandate on the court," since it may be "ignored" in "extraordinary circumstances" vitiating its effectiveness as a rule fostering orderly convenience (*Politi v Irvmar Realty Corp.,* 13 AD2d 469; *Walker v Gerli,* 257 App Div 249, 251; see *Barrett v State Mut. Life Assur. Co.,* 58 AD2d 320, 322, affd 44 NY2d 872, cert den 440 US 912), such as a change in the law or a showing of new evidence affecting the prior determination (*Matter of Yeampierre v Gutman,* 57 AD2d 898, 899). The error sought to be corrected must, however, be so "plain * * * [that it] would require [the] court to grant a reargument of a cause" (*Eaton v Alger,* 47 NY 345, 348). Thus, in *Malnati v Metropolitan Life Ins. Co.* (254 App Div 681), this court confronted its earlier determination sustaining fraud as a defense to an insurance policy's incontestability provision; subsequent to that first appeal, the Court of Appeals held to the contrary in another case involving precisely the same provision. Apparently without moving to reargue before the Appellate Division, the plaintiff moved at Special Term and that court overruled the defense. This court affirmed that determination, saying: "Since our former decision has affected neither the right nor the remedy of any party and the action is still pending and we now have an opportunity to correct our former decision, we should do so rather than compel the plaintiff to go through the wasteful formality of an appeal to the Court of Appeals. Under the circumstances, we may say an extraordinary and exceptional situation arises justifying us in departing from the rules". We believe a similar extraordinary situation exists in the case at bar. The prior determination of the First Department is plainly in error when viewed — retrospectively — in light of *Rush v Savchuk* (444 US 320, *supra*) and *Gager v White* (53 NY2d 475, *supra*). Since the prior intermediate order had not been appealed to the Court of Appeals, the issue would be reviewable by that court on appeal from the final judgment in this case (CPLR 5501, subd [a]; cf. *Walker v Gerli,* 257 App Div 249, *supra*). Were this court to reverse Special Term for its bold practicality, we would be unnecessarily subjecting defendants to the expense of trial and further appeals to obtain a preordained outcome. The law cannot be so unyielding. We have considered appellant's

other arguments and have found them to be without merit. Therefore, we affirm. Titone, J. P., Mangano, Weinstein, O'Connor and Thompson, JJ., concur.